IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**KAREN KIENTZ-ABREU,**

    **Plaintiff,**

    **v.**

**PUERTO RICO PORTS AUTORITY, ET AL.,**

    **Defendants.**

**CIVIL NO. 19-2151 (PAD)**

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Plaintiff initiated this action against her employer Puerto Rico Ports Authority ("PRPA") and various PRPA employees, alleging: (1) violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA")(Docket No. 1 at ¶¶ 17-20); (2) breach of a Conciliation Agreement under Articles 1054 and 1060 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 1054 and 1060 (id. ¶¶ 2, 19-22); and, (3) tortious behavior involving the individual defendants under Puerto Rico's general tort statute, Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141(id. ¶¶ 2, 23-26). She requested reasonable accommodation and damages from the PRPA; damages from the individual defendants; and interest, costs, and attorney's fees from all defendants (id. at p. 6).

Before the court are Mayra García-Irizarry's "Motion to Dismiss Under FRCP 12(b)(1)" (Docket No. 12) and PRPA's, Susana Figueroa's, and Jackeline Cruz-Cruz's "Joint Motion to Dismiss" (Docket No. 13), which plaintiff opposed (Docket No. 22). PRPA, Ms. Figueroa and Ms. Cruz replied (Docket No. 23). For the reasons explained below, the motion to dismiss at Docket No. 12 is DENIED as MOOT and the one at Docket No. 13 is GRANTED IN PART.

Accordingly, the claims against Ms. Figueroa, Ms. Cruz and Ms. García must be and are hereby DISMISSED.

## I.  FACTUAL BACKROUND[1]

Plaintiff works as a Special Assistant in the Maritime Bureau of PRPA (Docket No. 1, Facts Section at ¶ 1). She suffers from a pulmonary medical condition that according to the Complaint, substantially limits her major life activities and places her under the protection of ADA. Id. at ¶ 2. In 2010, she filed a Charge against PRPA with the Equal Employment Opportunity Commission ("EEOC") pursuant to the ADA Amendments Act of 2008 (EEOC Charge 515-2010-00018), which resulted in a Conciliation Agreement entered into between plaintiff and the PRPA in March 2013. Id. at ¶ 3.[2] As part of the Agreement, PRPA agreed to provide plaintiff with reasonable accommodation, consisting of PRPA's commitment not to use the cleaning agent "Clorox" within plaintiff's workplace. Id. at ¶ 3.[3]

On June 14, 2013, plaintiff was exposed to "Clorox," and contacted PRPA's Human Resources Department to inform PRPA of the situation "and inquire as to the steps taken by PRPA in compliance with the Conciliation Agreement "(Docket No. 1, Facts Section at ¶ 4). She was

---

[1] Unless otherwise indicated, the following facts are taken from the well-pleaded allegations in plaintiff's complaint (Docket No. 1).

[2] In evaluating a motion to dismiss, courts "usually consider only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, 772 F.3d 63, 71-72 (1st Cir. 2014). In this case, the Conciliation Agreement is referred to in the Complaint (Docket No. 1, Factual Section at ¶ 3), and the parties do not challenge its authenticity. On this basis, the court reviewed the Agreement (Docket No. 22).

[3] The Clorox Company is a multinational manufacturer and marketer of consumer and professional products. It markets bleach and cleaning products. See, www.thecloroxcompany.com/whoweare (last visited on March 22, 2021). The Complaint does not shed any light as to whether the Conciliation Agreement was limited to the Clorox brand or if plaintiff's health issues are related and limited to the active ingredient of a household bleach (sodium hypochlorite) regardless of the brand. Review of the Conciliation Agreement does not help either, as it also refers to the "Clorox" product as "Cloro."

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 3 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 3

never informed of any such steps. Id. Some years later, on February 28, 2019, Ms. Cruz, a PRPA janitor, cleaned the office bathroom facilities with "Clorox." Id. ¶ 5.[4] Ms. Cruz' supervisor, Ms. García, and Ms. Figueroa, PRPA's Equal Opportunity Manager, were aware that Ms. Cruz was going to clean the bathrooms with Clorox and "did nothing to prevent it's usage." Id. at ¶ 5.[5]

As a result, plaintiff was exposed to "Clorox," and developed respiratory complications (Docket No. 1, Facts Section at ¶¶ 6-7). She sought treatment with the Puerto Rico State Insurance Fund (the "Fund") and was not able to return to work until March 22, 2019. Id. at ¶¶ 7-8. On June 26, 2019, she filed a Charge of Discrimination with the EEOC (Charge No. 515- 2019-00404). Id. ¶ 11.[6] On September 24, 2019, the EEOC provided plaintiff with a right-to-sue letter. Id. at ¶ 12.[7] This action ensued.

## II.    PROCEDURAL DEVELOPMENTS

On December 23, 2019, plaintiff filed the Complaint (Docket No. 1). On March 12, 2020, Ms. García requested dismissal without prejudice of all state law claims, arguing that they substantially predominate over the claim for injunctive relief under the ADA (Docket No. 12). On the same day, the remaining defendants moved to dismiss, stating that: (i) the Complaint fails to specifically allege which major life activity is affected by plaintiff's alleged disability; (ii) plaintiff has been reasonably accommodated given that the Clorox incident she referred to is but a single,

---

[4] The Complaint erroneously refers to Ms. Cruz as "Jacqueline." See, e.g. Docket No. 1, p. 3 at ¶ 5. Her name is correctly spelled as Jackeline (Docket No. 13). Also, it is unclear if the issue involved only one bathroom or more than one, as the Complaint refers to the "office bathroom facilities" (Docket No. 1 at ¶ 5) and in other instances as "bathrooms" (id. at ¶¶ 5, 25, 26).

[5] In some instances, the Complaint refers to Figueroa as "Susana" (Docket No. 1, Parties Section at ¶ 3). In others, as "Susan" (id. at ¶ 5). Her correct name is Susana (Docket No. 13).

[6] The content of this Charge is unclear.

[7] PRPA does not question that plaintiff received a right-to-sue letter on September 24, 2019.

isolated mistake: (iii) plaintiff has not established to have suffered an adverse employment action; and (iv). defendants are immune from tort liability under the Puerto Rico Workers' Accident Compensation Act, Law 45 of April 18, 1935, as amended ("PRWACA")(Docket No. 13).[8] Furthermore, they claimed that plaintiff lacks standing to request prospective reasonable accommodation, for there is no real and immediate threat that an isolated event of Clorox use in a bathroom will occur again. Id. On April 17, 2020, plaintiff replied to the dismissal requests (Docket No. 22). On April 24, 2020, PRPA, Ms. Cruz and Ms. Figueroa replied (Docket No. 23).

### III.    DISCUSSION

#### A. Motion to Dismiss

To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. See, Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014) (examining standard); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013)(same). A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, separating "factual allegations (which must be accepted as true) from … conclusory legal allegations (which need not be credited)." García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

---

[8] In the motion, Ms. Figueroa and Ms. Cruz also request dismissal of plaintiff's claims against them under ADA, claiming that this statute does not recognize individual liability (Docket No. 13, p. 8). Still, there is no claim against them under ADA. To the contrary, the ADA claim is only directed to the PRPA, not against the individual defendants (Docket No. 1, p. 4 at ¶¶ 19, 20)(First Cause of Action-ADA Violation)("The [PRPA] through its actions or omissions has discriminated against plaintiff" and "[plaintiff request that her employer provide reasonable accommodation in the workplace through the non-usage of toxic cleaning agents (Clorox)"). Plaintiff so recognizes (Docket No. 22, pp. 6-7)(acknowledging that her claims against the individual defendants are only under Article 1802 of the Puerto Rico Civil Code). Thus, the request to dismiss the ADA claims against the individual defendants must be denied as unnecessary.

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 5 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 5

Should the factual content holistically permit the court to reasonably infer "that the defendant is liable for the misconduct alleged," dismissal is not appropriate. Sepúlveda-Villarini v. Dept. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). If the factual allegations are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). This inquiry "does not demand a high degree of factual specificity." García-Catalán, 734 F.3d at 103. Sufficiency may be found even if a plaintiff has not alleged every fact necessary to win at trial or to successfully resist summary judgment. See, Rodríguez-Vives, 743 F.3d at 283(addressing topic). Even so, the complaint must contain more than "a rote recital of the elements of a cause of action." Rodríguez-Reyes, 711 F.3d at 53. All reasonable inferences must be drawn in "the pleader's favor." Id. at 52-53.

B. **Merits**

1. **ADA/Conciliation Agreement/Breach of Contract**[9]

a. **Jurisdiction**

As for ADA violations and breach of the Conciliation Agreement, the pleadings raise the jurisdictional issue of whether a party may bring a civil action related to a conciliation agreement without exhausting remedies specifically established in the EEOC to deal with those agreements. In Santiago del Valle v. Metropol Hato Rey, LLC, 2019 WL 3955395 (D.P.R. August 21, 2019), a sister court in this District concluded that exhaustion may not be dispensed with. The court noted that an action to enforce a EEOC settlement agreement constitutes a civil action brought directly under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq., such that federal courts

---

[9] These claims relate to PRPA, not to the individual defendants.

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 6 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 6

have jurisdiction over it. Id. at *3 (internal citations omitted). It pointed out that this is so regardless of whether the enforcer of the agreement is a private party, as opposed to the EEOC, as long as the document to be enforced arose from the EEOC's auspices. Id. And it stated that given that prior to filing an action in federal court, Title VII requires exhaustion of administrative remedies, plaintiff must first allow the EEOC to address the alleged breach. Id. at *4.[10]

In context, the requirement does not operate in a vacuum. The EEOC adopted a specific provision – 29 C.F.R. § 1614.504(a) – to deal with exhaustion and EEOC settlement agreements. To this end, Section 1614.504(a) provides that:

> Any settlement agreement knowingly and voluntarily agreed to by the parties, reached at any stage of the complaint process, shall be binding on both parties ... If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEOC Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

Id. Thus, to give the EEOC the first opportunity to address any alleged breach, a complainant shall notify the agency within 30 days of the asserted noncompliance.[11] Otherwise, the district court may not "adjudicate the employee's claim." Santiago del Valle, 2019 WL 3955395 at *4.

---

[10] The same reasoning applies to ADA, as given the similarities between ADA and Title VII, courts generally interpret these statutes consistently. See, E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1038 n.11 (10th Cir. 2011)(so recognizing).

[11] In fact, Paragraph 3 of Section II of the Conciliation Agreement provides that the EEOC shall determine whether PRPA has complied with the terms of the Agreement (Docket No. 22-2, p. 2, ¶ 3), whereas Paragraph 6 states that the Agreement may be specifically enforced in court and be used as evidence in a subsequent proceeding in which any of the parties allege a breach (id., p. 3, ¶ 6). Both paragraphs come together in the exhaustion procedure described in 29 C.F.R. § 1614.504(a), as the first and second steps in a civil action arising from the Agreement.

### b. Analysis

The Complaint alleges that in 2019, plaintiff filed a Charge of Discrimination with the EEOC (Charge Number 515-2019-00404)(Docket No. 1, p. 4, ¶ 11). But it is unclear whether she provided notice to the EEOC of PRPA's alleged breach of the Conciliation Agreement in that charge so as to allow the agency to address the breach, as Section 1614.50(a) requires. The insufficiency in the allegations on this point is problematic and may lead to dismissal. See, Santiago del Valle, 2019 WL 3955395 at *4 (dismissing Title VII action due to plaintiff's failure to demonstrate exhaustion of administrative remedies as to breach of EEOC settlement agreement). Nonetheless, the court will make available to plaintiff a period to show that she exhausted administrative remedies as called for in the cited provision. Under these circumstances, the motion to dismiss regarding ADA must be denied without prejudice. And because jurisdiction is a threshold question that needs to be answered before moving the case forward, there is no need to address at this time whether remedies are available to plaintiff under the Puerto Rico Civil Code to deal with the alleged breach of the Conciliation Agreement.

### 2. Tort Claims

Plaintiff claims entitlement to recovery of damages against the individual defendants under Article 1802 of the Puerto Rico Civil Code (Docket No. 1, ¶¶ 2, 23-26).[12] These defendants argue that those claims should be dismissed on PRWACA immunity grounds (Docket No. 13, pp. 9-12). They contend that the immunity that PRWACA provides to employers against tort actions for work accidents suffered by their employees precludes tort actions not only against the insured employer but as to its employees as well (id.). Further, they state that insofar as the Complaint fails to allege

---

[12] The tort claims are directed at the individual defendants, not at PRPA.

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 8 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 8

that PRPA is not insured with the Fund, PRPA should be considered insured under PRWACA and, by extension, immune from suit for work-related accidents (id.). Dismissal is appropriate.

### a. **General Principles**

Article 1802 imposes liability upon a person for an "act or omission" that "causes damages to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. To recover on a negligence-based tort claim pursuant to Article 1802, "a plaintiff must establish: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortious conduct." Baum-Holland v. Hilton El Con Management, LLC, 964 F.3d 77, 87 (1st Cir. 2020). As applied to employers, the employer has a non-delegable legal duty to provide a safe workplace for its employees. See, Rivera v. Superior Packaging, Inc., 132 D.P.R. 115, 1992 P.R. Eng. 754, 830, P.R. Offic. Trans. (1992) at 12 (recognizing duty). It fulfills that duty through its officers, agents and employees. Id. at 13.

In this light, when the alleged negligence of the officer, agent, or employee derives from breach of the employer's duty, "the injured worker cannot sue the coworker." Rivera, 132 D.P.R. 115, 1992 P.R. Eng. 754, 830, P.R. Offic. Trans. (1992) at 13. So, any such breach is exclusively chargeable to the employer when the employee is claimed to have caused damages while acting as an agent or representative of the employer, discharging the responsibilities of her position. Id. An employee, however, may be liable for a fellow worker's injuries if the tortious act is not tied to the performance of the sued employee's functions. Put another way, the act in question must be a breach of the employee's personal obligations as a citizen, separate and apart from those stemming from the employment relationship. Id. at 11.

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 9 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 9

The coworker immunity applies regardless of whether the employer is insured with the Fund. However, it also operates in that setting. With this in mind, an employee injured in a work accident as a result of the employer's breach of the nondelegable duty to provide a safe workplace may sue the employer for damages. That is, unless the employer is insured with the Fund in accordance with PRWACA. See, Rawles v. Sea-Land Services, Inc., 1997 WL 665542, *2 (D.P.R. Sept. 26, 1997)("Once an employer is found to be uninsured for purposes of the PRWACA, the employer is no longer considered immune from suit and the statute allows the worker to prosecute a civil action in tort against his employer for the damages sustained as a result of his work related accident").

From this perspective, PRWACA provides employers which have insured their employees with the Fund "immunity against any civil action arising out of a work-related accident." Benito-Hernando v. Gavilanes, 849 F.Supp.136, 139 (D.P.R. 1994). In those cases, the injured worker lacks a cause of action against his employer for damages regardless of the employer's degree of negligence. Vega-Mena v. United States, 990 F.2d 684, 686 (1st Cir. 1993). The injured worker "can only resort to the … Fund." Rivera, 132 D.P.R. 115, 1992 P.R. Eng. 754, 830, P.R. Offic. Trans. (1992) at 13. The immunity extends to the insured employer's officers, agents and employees. Id. at 14. And like in cases where the employer lacks Fund insurance, those officers, agents and employees may be sued only if their allegedly tortious behavior is a breach of their personal obligations as a citizen, separate and apart from those stemming from the employment relationship. Id. at 11.

b. **Analysis**

From the pleadings, plaintiff sued Ms. Cruz, Ms. García and Ms. Figueroa under Article 1802 because as part of Ms. Cruz's work as a janitor in the PRPA, she decided to use Clorox as a

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 10

cleaning agent in the bathrooms located at PRPA, and Ms. García – as Ms. Cruz' direct supervisor – and Ms. Figueroa – as PRPA's Equal Opportunity Manager – allowed Ms. Cruz to do so (Docket No. 1, ¶¶ 24-26). Whatever duty these individuals breached stems from the employer-employee relationship. It is not one that exists outside of that relationship and PRPA's obligation to provide plaintiff with a safe workplace.[13] That being so, the claims against the individual defendants under Article 1802 must be dismissed. The same result is reached taking into consideration PRPA's status as an insured employer with the Fund.[14]

### IV.   CONCLUSION

In view of the foregoing, the request to dismiss the ADA and breach of contract claims against PRPA is DENIED without prejudice. Not later than **April 15, 2021**, plaintiff shall show cause as to why the court should not dismiss the Complaint for failure to exhaust administrative remedies in accordance with 29 C.F.R. § 1614.504(a). The PRPA shall respond **not later than 15**

---

[13] Indeed, arguing against dismissal, plaintiff asserts that the act of cleaning a rest room or the usage of the cleaning agent "Clorox" "is not considered a recognized hazard, contemplated on the duties of providing a safe work environment pursuant to the law" (Docket No. 22, p. 8). From this premise, she maintains that the actions for which damages are sought against the individual defendants "are not actions protected by the workers compensation immunity of failing to provide a safe work environment" (id.). And she adduces that the individual defendants knew or should have known that she suffers from a pulmonary condition "and that the employer entered into an agreement prohibiting the usage of the cleaning agent" (id.). Given that from this line of reasoning, Clorox is not considered a recognized hazard, its use here is not one that could be said to have breached a general duty of care such as underpins Article 1802 of the Civil Code. The reason it is being used to advance plaintiff's case is because as plaintiff admits, the employer – not the individual defendants – undertook by agreement – the Conciliation Agreement – the obligation not to use it plaintiff's workplace. In this way, it became part of the PRPA's duty to provide a safe workplace, in other words, a non-delegable duty under Puerto Rico law for which only the employer can be held liable but may not if it is insured with the Fund in accordance with WACA.

[14] Plaintiff understands that "any prudent person would not use or allow the usage of the cleaning agent if the same would cause damages upon a co-worker" (Docket No. 22, p. 8). But that does not resolve plaintiff's problem. As the First Circuit observed in evaluating a WACA immunity claim, "a worker's assault upon a coworker may not be compensable [under WACA] if based on animosity or conflict arising out of a purely private and personal matter between the coworkers … But [the] cross-claim contains no allegation that some private and personal conflict between the two [workers] motivated [the coworker's] action" (namely, the fatal shooting of the co-employee). Fernández-Vargas v. Pfizer, 522 F.3d 55, 66 (1st Cir. 2008). Like in there, here, as the Complaint does not include allegations of a private and personal conflict between plaintiff and Ms. Cruz, Ms. Figueroa, or Ms. García that resulted in the intentional inflicting of damages.

Case 3:19-cv-02151-PAD   Document 26   Filed 03/31/21   Page 11 of 11

Kientz-Abreu v. Puerto Rico Ports Authority, et al.
Civil No. 19-2151 (PAD)
Opinion and Order
Page 11

**days after plaintiff's show-cause motion is filed**.  The request to dismiss the tort claims against Ms. Cruz and Ms. Figueroa is GRANTED.  Based on the reasoning for dismissal, the ruling applies to Ms. García as well.  Inasmuch as the claims against the individual defendants are being dismissed, Ms. García's motion to dismiss at Docket No. 12 is DENIED AS MOOT.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge